**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GARY D. WILLIAMS,                              :        Civil No. 3:26-cv-839

                    Petitioner                 :        (Judge Mariani)

          v.                                   :

JUDGE L.J. BURKE, et al.,                      :

                    Respondents                :

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 filed by Gary Williams ("Williams"), a pretrial detainee at the Schuylkill County

Prison, in Pottsville, Pennsylvania. (Doc. 1). The Court has conducted preliminary review

and, for the reasons set forth below, has concluded that dismissal of the petition is

warranted. *See* R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

## I.    Background

Williams asserts that he has been incarcerated at the Schuylkill County Prison for

approximately 60 days. (Doc. 1 at 1). In his habeas petition, Williams challenges his

Schuylkill County bail revocation, his pending extradition, and the actions of a Schuylkill

---

[1]    *See* R. GOVERNING § 2254 CASES R. 4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. *Id.* at R. 1(b).

County magisterial district justice and the Schuylkill County District Attorney's Office. (Doc. 1; Doc. 1-1 *Commonwealth v. Williams*, CP-54-MD-0000055-2026 (Pa. Ct. Com. Pl. Schuylkill Cnty.)). In his state court case, Williams filed a petition for writ of habeas corpus, and amendment thereto, in March of 2026. (*See Commonwealth v. Williams*, CP-54-MD-0000055-2026). That petition remains pending. (*See id.*).

In the instant Section 2241 habeas petition, Williams requests that this Court "safeguard" his constitutional rights and release him from custody. (Doc. 1 at 8).

## II.    Discussion

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pretrial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). In *Moore v. DeYoung*, the Third Circuit held that although federal district courts have jurisdiction to hear the habeas challenges of state pretrial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-

2

trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

While this Court has jurisdiction under Section 2241 to entertain Willimas' pretrial habeas corpus petition, he is not entitled to habeas relief at this time.

In his Section 2241 petition, Williams seeks to challenge his pending criminal proceedings by raising claims regarding bail, extradition, and the actions of a Schuylkill County magisterial district justice and the Schuylkill County District Attorney's Office. (Doc. 1). Williams admits that he has not exhausted his claims in state court. (Doc. 1 at 2). It is thus clear from the face of the petition that Williams has not properly presented or exhausted his available state court remedies with respect to his present claims. Moreover, Williams' state court habeas petition is currently pending. *See Commonwealth v. Williams*, CP-54-MD-0000055-2026. The Court finds that Williams did not exhaust his state court remedies prior to the application for federal habeas corpus relief. Additionally, there is nothing extraordinary about Williams' claims. While Williams may be displeased with the pace of his state court proceedings, his displeasure does not rise to the level of an

3

extraordinary circumstance requiring adjudication of a pretrial federal habeas petition. Williams still has the opportunity to raise his claims in state court. He has thus failed to make a showing of any "special" or "extraordinary circumstances" sufficient to excuse his failure to exhaust. *Moore*, 515 F.2d at 442-46. Accordingly, pretrial habeas corpus relief is inappropriate.

## III.   Conclusion

For the reasons sets forth above, the Court will dismiss the Section 2241 petition for writ of habeas corpus. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April _____, 2026